{¶ 62} For the foregoing reasons, I respectfully dissent from the majority.
 {¶ 63} The trial court's failure to grant Amanda's request for a hearing transcript in a timely manner was patent and inherently prejudicial. This matter should be reversed and remanded to the trial court for further proceedings.
 {¶ 64} The magistrate issued her decision recommending the termination of Amanda's parental rights on April 30, 2004. On May 14, 2004, Amanda filed objections to the magistrate's decision and also requested a transcript of the hearing. On July 1, 2004, without conducting a hearing, the trial court adopted the magistrate's decision. The trial court granted Amanda's request for a transcript that same day. Because of this delay, Amanda was unable to supplement her objections based upon the transcript, and it was not available to give her a better ability to argue her objections or to raise additional objections.
 {¶ 65} "In actions instituted by the state to force the permanent, involuntary termination of parental rights, the United States and Ohio Constitutions' guarantees of due process and equal protection of the law require that indigent parents be provided with counsel and a transcript at public expense for appeals as of right." State ex rel. Heller v.Miller (1980), 61 Ohio St.2d 6, paragraph two of the syllabus. See, also, Griffin v. Illinois (1956), 351 U.S. 12, 18. A court's failure to provide indigent persons with a transcript in cases involving the involuntary, permanent termination of parental rights constitutes a trespass on the rights of similarly situated citizens, in violation of the due process and equal protection clauses of the United States and Ohio Constitutions. Heller at 13-14.
 {¶ 66} In this matter, there was no question that Amanda was indigent and that she had requested a transcript, presumably for purposes of raising objections. The trial court's failure to grant Amanda's request for a transcript in a timely manner was inherently prejudicial.
 {¶ 67} I absolutely recognize and appreciate the obligation of the court to keep its docket current, especially in this type of situation. Normally, I would agree with the majority's concern for procedural correctness. In this particular juvenile court proceeding, litigants have been granted constitutional rights almost equivalent to those found in criminal proceedings. This was a matter involving the termination of parental rights, not a small claim over a broken window. In the latter situation, demanding the procedural nicety of a motion for a continuance is not a constitutional deprivation. In regards to the termination of parental rights, it is.
 {¶ 68} Amanda had a right to a transcript to enable her to supplement her objections to the magistrate's recommendation to terminate her parental rights. She was not afforded that right.
 {¶ 69} For the reasons stated in this opinion, I dissent from the majority.